# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Aaron Leedahl,

       Plaintiff,

v.

Rayco Manufacturing, Inc.,
Trenchers Plus, Inc.,

       Defendants,

v.

Ostvig Tree, Inc.,

       Third Party Defendant.

Civil No. 06-310 (JNE-JJG)


REPORT
AND
RECOMMENDATION

---

JEANNE J. GRAHAM, United States Magistrate Judge

      This matter came before the undersigned for a motions hearing on May 9, 2006. Defendant Rayco Manufacturing moves to dismiss (Doc. No. 3). Plaintiff Aaron Leedahl moves to remand (Doc. No. 12). Warren V. Bigelow, Jr., Esq. appeared on behalf of Mr. Leedahl. Patrick D. Reilly, Esq., appeared on behalf of Rayco Manufacturing. Brian A. Wood, Esq., appeared on behalf of defendant Trenchers Plus. Gabriel A. Kuhfuss, Esq., appeared on behalf of third party defendant Ostvig Tree.

      These motions are assigned to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c). At the motion hearing, the parties represented that they reached an agreement on the issues raised by the motion to dismiss, and they have since filed a stipulation to this

effect. The following report and recommendation, therefore, only addresses the issues raised by the motion to remand.

## A.

Mr. Leedahl (Leedahl) was injured by a stump cutter manufactured by Rayco Manufacturing (Rayco) and sold by Trenchers Plus (Trenchers). Because Leedahl is a resident of Minnesota and Trenchers is a Minnesota corporation, he argues there is not complete diversity between the plaintiffs and defendants, and thus federal courts lack diversity jurisdiction. Joined by Trenchers in its arguments against remand, Rayco contends that Trenchers is a nominal defendant and so its presence does not destroy diversity.

Where action is brought in state court, and there is a basis for federal jurisdiction, a defendant may remove the matter to federal court. 28 U.S.C. § 1441(a). Where removal is based on diversity jurisdiction, no defendants may be a resident of the state in which the action takes place. 28 U.S.C. § 1441(b); *Lincoln Property Co. v. Roche*, 126 S.Ct. 606, 610 (2005). But a defendant "against whom no real relief is sought" is a nominal defendant and thus is not considered for determining diversity. *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002); *see also Strotek Corp. v. Air Transp. Ass'n*, 300 F.3d 1129, 1132 (9th Cir. 2002).

Remand to state court is appropriate when a defendant, not a nominal defendant, destroys diversity jurisdiction. When examining whether a party is a nominal defendant, the inquiry is whether the plaintiff has stated a cause of action against that defendant. *Iowa Public Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977); *Rafael v. 18 Restaurant, Inc.*, 954 F.Supp. 549 (E.D.N.Y. 1996). To do so, the plaintiff must allege facts that will support a claim as a matter of law. *See Thorn v.*

*Amalgamated Transit Union*, 305 F.3d 826, 833-34 (8th Cir. 2002).  All reasonable inferences are taken in favor of the party seeking remand.  *In re Business Men's Assurance Co.*, 922 F.2d 181, 183 (8th Cir. 1993).

## B.

After setting aside the claims that the parties agreed to dismiss, Leedahl has four remaining claims, for negligence, strict liability, and breach of express or implied warranty.  The controlling question, therefore, is whether Leedahl has stated an action against Trenchers on these claims.

Because Trenchers is a seller and not a manufacturer of the stump cutter, this analysis begins with the limits in Minn. Stat. § 544.41, which provides in relevant part,

> Subd. 2. . . .  Once the plaintiff has filed a complaint against the manufacturer and the manufacturer has or is required to have answered or otherwise pleaded, the court shall order the dismissal of a strict liability in tort claim against the certifying defendant, provided the certifying defendant is not within the categories set forth in subdivision 3. . . .

> Subd. 3. . . .  A court shall not enter a dismissal order relative to any certifying defendant . . . where the plaintiff can show one of the following:

> (a)     That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage;

> (b)     That the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or

> (c)     That the defendant created the defect in the product which caused the injury, death or damage.

This provision ensures that, when a seller exercises no control over a product, the seller cannot be held liable. *Marcon v. Kmart Corp.*, 573 N.W.2d 728, 730-31 (Minn. App. 1998).  If a seller qualifies for

dismissal under this provision, then the plaintiff has failed to establish strict liability against the seller as a matter of law. *In re Shigellosis Litigation*, 647 N.W.2d 1, 7 (Minn. App. 2002).

The parties do not dispute that Rayco, the manufacturer, is a party to this action. And they also do not contest that Trenchers did not participate in the design or manufacture of the stump cutter. So in order for Leedahl to take Trenchers out of the ambit of § 544.41, he must show that Trenchers either had knowledge of a defect under subdivision 3(b) or caused a defect under subdivision 3(c).

The three principal theories of products liability indicate what constitutes a defect. It may be a design defect; a manufacturing flaw; or a failure to warn. *See Bilotta v. Kelley Co.*, 346 N.W.2d 616, 622 (Minn. 1984). Because Trenchers did not participate in the design of the stump cutter, the only defects for which Trenchers may be potentially liable are manufacturing flaw and failure to warn.

Trenchers may be liable for a manufacturing flaw if, when it had custody of the stump cutter, it knew or had reason to know of a manufacturing defect. So a seller is not liable, as a matter of law, where the plaintiff fails to allege that the seller had such knowledge. *Masephol v. American Tobacco Co.*, 974 F.Supp. 1245, 1254 (D.Minn. 1997); *Gorath v. Rockwell Int'l, Inc.*, 441 N.W.2d 128, 132 (Minn. App. 1989); *cf. Schweich v. Ziegler, Inc.*, 463 N.W.2d 722, 729 (Minn. 1990) (finding that a seller had reason to know of manufacturing flaw when circumstantial evidence showed that the flaw occurred while the product was in the custody of the seller). Without such knowledge, the seller has no affirmative duty to inspect products and discover manufacturing defects. *In re Shigellosis Litigation*, 647 N.W.2d at 8; *Gorath*, 441 N.W.2d at 132-33.

Even when the record is taken with reasonable inferences in his favor, Leedahl does not allege that Trenchers knew or had reason to know that the stump cutter contained a manufacturing flaw. The

complaint only states, in a conclusory manner, that Trenchers had a duty to inspect the stump cutter and discover manufacturing defects. Because Leedahl has not indicated that Trenchers caused or had reason to know of a manufacturing flaw, this theory will not allow him to avoid the application of § 544.41 to Trenchers.

Liability for failure to warn arises out of the duty of a seller or manufacturer to give both adequate instructions for the safe use of a product and sufficient warnings against reasonably foreseeable unsafe uses of a product. *Gray v. Badger Mining Corp.*, 676 N.W.2d 268, 272-73 (Minn. 2004); *Germann v. F.L. Smithe Machinery Co.*, 395 N.W.2d 922, 925 (Minn. 1986). Like for a manufacturing flaw, a seller is not liable unless it knows or has reason to know that the existing warnings and instructions are inadequate. *See Masephol*, 974 F.Supp. 1245 (D.Minn. 1997); *see also Erickson by Bunker v. American Honda Motor Co.*, 455 N.W.2d 74, 78 (Minn. App. 1990) (holding that seller had duty to warn when manufacturer expressly informed seller that existing warnings were inadequate).

Once again Leedahl states, in a conclusory manner, that Trenchers had a duty to supply adequate warnings and instructions. Leedahl further explains this argument in his memorandum. He appears to suggest that the stump cutter was plainly dangerous and so Trenchers had an independent duty to warn.

This argument appears persuasive, especially for a product as obviously dangerous as a stump cutter. But nearly any product can be dangerous in some circumstances. When a products liability action alleges a failure to warn, the focus is the adequacy of the warnings, not the dangerousness of the product. Leedahl fails to allege that Trenchers knew, or had reason to know, that the existing warnings and instructions were inadequate. Thus Leedahl also fails to show that Trenchers caused or had knowledge of a failure to warn.

Because Leedahl cannot demonstrate that Trenchers knew of or caused a defect, Trenchers falls within the ambit of § 544.41.  The strict liability claim against Trenchers fails as a matter of law and may be dismissed.[1]  This conclusion has several consequences for the remaining claims, based on the relationship between negligence, strict liability, and warranty in the field of products liability.

## C.

The term "strict liability," in the field of products liability, is increasingly a misnomer.  The foregoing analysis recited the three theories of products liability: design defect, manufacturing flaw, and failure to warn.  Two of these, design defect and failure to warn, incorporate a reasonable care standard regardless of whether the action is described as one for negligence or for strict liability.  *Bilotta*, 346 N.W.2d at 622; *Germann v. F.L. Smithe Machinery Co.*, 381 N.W.2d 503, 508 (Minn. App. 1986), *aff'd*, 395 N.W.2d 922 (Minn. 1986).  Because Leedahl cannot proceed on any theories in strict liability, he also fails to state claims for negligence on the theories of design defect and failure to warn.

Such identity does not exist for the manufacturing flaw theory.  But regardless of whether Leedahl proceeds with action for negligence or for strict liability, he must show the manufacturing flaw arose when the product was in the custody of Trenchers.  *See Gorath*, 441 N.W.2d at 132.  As noted previously, Leedahl failed to offer proof on this point.  This omission compels the conclusion that Leedahl also fails to

---

[1] At the motion hearing, Leedahl argued for the first time that the stump cutter was ultrahazardous and therefore suggested that the defendants were strictly liable for injuries from its use.  A person is strictly liable for an ultrahazardous activity when the activity necessarily involves risk of serious harm "that cannot be eliminated by the exercise of utmost care" and the activity is not common.  *Cairl v. City of St. Paul*, 268 N.W.2d 908, 911 (Minn. 1978) (quoting Restatement (First) of Torts § 520 (1938)).  Because Leedahl has not pleaded this theory in his complaint, and it is not otherwise supported by the record, it does not influence the analysis here.

state a claim for negligence on the theory of a manufacturing flaw.  And this conclusion disposes of any

remaining negligence claims against Trenchers.

To establish a claim for breach of the implied warranty of merchantability,[2] a plaintiff must

demonstrate that a product is not suitable "for the ordinary purposes for which such goods are used."

Minn. Stat. § 336.2-314(2)(c).  To determine whether a product is suitable for its use, the inquiry is

whether the seller exercised reasonable care.  In a personal injury action based on products liability, the

elements of a claim for breach of the implied warranty of merchantability are the same as those for a claim

for negligence.  Where a negligence claim proceeds on the basis of products liability, that claim is equivalent

to a claim for breach of the implied warranty of merchantability.  *See, e.g., Piotrowski v. Southworth*

*Prods. Corp.*, 15 F.3d 748, 751 (8th Cir. 1994); *Hapka v. Paquin Farms*, 458 N.W.2d 683, 686

(Minn. 1990).  Leedahl is unable to state a claim for negligence, and therefore, he cannot state a claim for

breach of the implied warranty of merchantability.

The remaining count is for express warranty.  For this claim, the plaintiff ordinarily must establish

that the seller made an express, affirmative promise about the qualities of the product.  Minn. Stat. § 336.2-

313; *Yost v. Millhouse*, 373 N.W.2d 826, 829 (Minn. App. 1985).  Where an express warranty states

that a product is suitable for ordinary use, action for breach of express warranty is equivalent to action for

---

[2] In his complaint, Leedahl does not specify whether his action for implied warranty proceeds under the implied warranty of merchantability, Minn. Stat. § 336.2-314(2)(c), or the implied warranty of fitness, Minn. Stat. § 336.2-315.  To establish a claim for breach of the latter, a plaintiff must show that the purchaser of the product, when selecting that product, relied on the judgment of the seller.  *Nelson v. Wilkins Dodge, Inc.*, 256 N.W.2d 274, 276 & n. 5 (Minn. 1977).  But the record does not indicate that, when his employer purchased the stump cutter, it relied on the judgment of Trencher.  Thus Leedahl also fails to state a claim for breach of the implied warranty of fitness.

breach of the implied warranty of merchantability.  *Farr v. Armstrong Rubber Co.*, 179 N.W.2d 64, 70-71 (Minn. 1970).

Even when the record is taken with all inferences in his favor, Leedahl does not allege that Trenchers made any express promises about the qualities of the stump cutter.  Assuming for the sake of argument that Trenchers promised the stump cutter was safe, the promise provides no greater protection than under the implied warranty of merchantability.  Thus Leedahl also fails to state a claim for breach of express warranty.

## D.

Leedahl has not stated a claim against Trenchers for negligence, strict liability, or breach of express or implied warranty.  Because Leedahl has not stated any viable claims against Trenchers, it is a nominal defendant and its residency is not considered when determining diversity jurisdiction.  Because the remaining parties are diverse with one another, this Court may continue to exercise diversity jurisdiction, and remand is not appropriate.  Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Leedahl's motion to remand (Doc. No. 12) be **DENIED.**

Dated this 15th day of May, 2006.                    s/Jeanne J. Graham
                                                     JEANNE J. GRAHAM
                                                     United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by June 2, 2006.  A party may respond to the objections within ten days after service.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.